UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICHAEL DAVIS,<br><br>               Plaintiff,<br><br>    v.<br><br>ZHOU LIANG,<br><br>               Defendant. | CASE NO. C17-849-MJP<br><br>ORDER GRANTING MOTION TO INTERVENE AND DENYING MOTION FOR DEFAULT |

THIS MATTER comes before the Court on Plaintiff's Renewed Motion for Default (Dkt. No. 23) and Empire Fire and Marine Insurance Company's Renewed Motion to Intervene to Oppose Default (Dkt. No. 27). Having reviewed the Motions, the Response (Dkt. No. 30), the Replies (Dkt. Nos. 32, 33), and the related record, the Court GRANTS the Motion to Intervene and DENIES the Motion for Default.

**Background**

The relevant factual and procedural background is set forth in detail in the Court's April 5, 2018 Order Denying Plaintiff's Motion for Default. (Dkt. No. 14.) Since that order was

entered, Plaintiff Michael Davis has made additional attempts to have Defendant Zhou Liang served in the People's Republic of China. Pursuant to Federal Rule of Civil Procedure 55 and Article 15 of the Hague Convention, Mr. Davis filed a renewed Motion for Default in October 2018. In response, Mr. Liang's insurer, Empire Fire and Marine Insurance Company ("Empire") moved to intervene to oppose default judgment.

## Discussion

### I. Motion to Intervene

Federal Rule of Civil Procedure 24 provides for both intervention as a matter of right and permissive intervention. Under Rule 24(a), a party may intervene as a matter of right if a federal statute gives it an unconditional right to intervene, or if the party "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a). Under Rule 24(b), a party may intervene if its claim or defense shares a common question of law or fact with the underlying action and intervention will not unduly delay or prejudice the adjudication of the original parties' rights. Fed. R. Civ. P. 24(b).

Empire does not indicate whether it seeks to intervene under Federal Rule of Civil Procedure 24(a) or (b). (Dkt. No. 27.) Under either rule, the Court finds that intervention is proper. Empire provided liability coverage to Mr. Liang at the time of the accident, and has indicated that it "stands ready to defend and indemnify" him in this action. (Id.) Empire's motion is timely; it undoubtedly has a "'significantly protectable' interest relating to the property or transaction which is the subject of the action"; it is situated such that "the disposition of the action may as a practical matter impair or impede its ability to protect that interest"; and its

interest in opposing default is "inadequately represented by parties to the action." United States v. Aerojet Gen. Corp., 606 F.3d 1142, 1148 (9th Cir. 2010) (citation omitted). Similarly, there is undoubtedly a common question of law or fact between Empire's Motion to Oppose Default and the underlying action and, because Empire seeks to intervene for the limited purpose of opposing default only, its intervention will not unduly delay the action or prejudice Mr. Davis' and Mr. Liang's rights. See Dave Drilling Envtl. Eng'g, Inc. v. Gamblin, 2015 WL 4051968, at *2-4 (N.D. Cal. July 2, 2015) (allowing insurance company to intervene, both as a matter of right and permissively, for the purposes of setting aside default judgment).

The Court therefore GRANTS the Motion to Intervene, and will consider Empire's opposition to the Motion for Default.

**II. Motion for Default**

Federal Rule of Civil Procedure 4(f) governs service upon individuals in a foreign country. The rule allows for service of process "by any internationally agreed means reasonably calculated to give notice, such as those means authorized by the Hague Convention." Fed. R. Civ. P. 4(f)(1). Once the central authority has completed service, it must provide a certificate detailing "the method, the place, and the date of service" or explaining why service did not occur, and thereafter must forward the completed certificate "directly to the applicant." Id., Art. 6. Article 15 of the Hague Convention provides that a member state may permit its courts to enter default judgment in the absence of a returned certificate where at least six months have passed since the documents were sent to the defendant and the plaintiff has made "every reasonable effort" to obtain a certificate. Id., Art. 15.

In general, there is no time limit for serving a defendant in a foreign country. Fed. R. Civ. P. 4(m); see also Lucas v. Natoli, 936 F.2d 432, 432 (9th Cir. 1991). However, Mr. Davis

instituted this diversity action alleging a state law negligence claim. (See Dkt. No. 1.) Under Washington law, Mr. Davis' claim is subject to a three-year statute of limitations, and to dismissal if not served within ninety days of filing. RCW 4.16.080(2); RCW 4.16.170. These requirements apply when service is effected under the Hague Convention, irrespective of Rule 4(m). See Broad v. Mannesmann Anlagenbau AG, 196 F.3d 1075, 1075-76 (9th Cir. 1999).

In Broad, the plaintiff sued a German manufacturer for personal injuries. Id. Plaintiff filed his complaint and transmitted the documents to the German Central Authority under the Hague Convention. Id. Because the German Central Authority failed to serve the defendant within ninety days, the district court dismissed his case as untimely under RCW 4.16.170. Id. On appeal, the Ninth Circuit recognized a tension between Rule 4(m) and RCW 4.16.170, and certified to the Washington Supreme Court the question of whether the state's ninety-day time limit for service is extended where service is effected pursuant to the Hague Convention. Id. The Washington Supreme Court held that "[b]ecause the plaintiff lacks control over the timing of service once the documents are transmitted to a designated central authority," "the 90-day period of RCW 4.16.170 should be extended once required documents are transmitted to the central authority, *provided they are sent within 90 days of filing the complaint*." Broad v. Mannesmann Anlagenbau AG, 141 Wn.2d 670, 673, 683 (2000).

Here, while it appears that Mr. Davis has otherwise met the requirements for default under Article 15 of the Hague Convention (i.e., no certificate has been issued by the Chinese Ministry of Justice with respect to the April 11, 2018 transmission, which appears to have included all required documentation)[1], Mr. Davis failed to transmit the documents to the Chinese

---

[1] Though not relevant to its ruling on the Motion for Default, the Court notes the following procedural irregularities in the record: On April 11, 2018, counsel for Mr. Davis resubmitted his request to the Chinese Ministry of Justice, along with a check to cover the cost of

Ministry of Justice within ninety days of filing his complaint. The complaint in this action was filed on June 1, 2017, just four days before the expiration of the three-year statute of limitations on his negligence claim. (See Dkt. No. 1); RCW 4.16.080(2). Instead of promptly seeking to effect service on Mr. Liang, Mr. Davis waited until September 28, 2017—more than 120 days after filing the complaint—to transmit the complaint and summons to the Ministry of Justice. Having delayed well beyond the 90-day period recognized in Broad, the statute of limitations has elapsed, and Mr. Davis' claim is now barred.[2]

The Court therefore DENIES the Motion for Default, and DISMISSES this matter with prejudice.

**Conclusion**

It is ORDERED that Empire Fire and Marine Insurance Company's Motion to Intervene is GRANTED and Plaintiff's Motion for Default is DENIED. Because the statute of limitations has elapsed, the Court further ORDERS that this matter be DISMISSED WITH PREJUDICE.

The clerk is ordered to provide copies of this order to all counsel.

Dated November 21, 2018.

_____
Marsha J. Pechman
United States District Judge

---

service, dated April 9, 2018 and bearing No. 45151. (See Dkt. No. 25, Ex. 18.) In June 2018, counsel received a certificate from the Chinese Ministry of Justice indicating that the address provided for Mr. Liang was "not sufficient enough." (Dkt. No. 25 at ¶ 18, Ex. 19.) While counsel indicates that this certificate was received in response to the April 11, 2018 submission, it is dated "Mar. 9, 2018," and attaches the earlier state court complaint, not the federal complaint. (Id.) Curiously, the certificate also attaches Check No. 45151.

[2] The Court acknowledges its role in previously directing Mr. Davis to continue his efforts to have Mr. Liang served under the Hague Convention, and notes that, at the time it issued its prior orders, it did not have before it any opposition or citation to Broad.