1
2
3
4
5
6
7

## UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF WASHINGTON
### AT SEATTLE

| | |
|---|---|
| MICHAEL DAVIS, | CASE NO. C17-849-MJP |
| Plaintiff, | ORDER DENYING MOTION |
| | FOR RECONSIDERATION |
| v. | |
| ZHOU LIANG, | |
| Defendant. | |

THIS MATTER comes before the Court on Plaintiff's Motion for Reconsideration.  (Dkt. No. 37.)  Having reviewed the Motion and the related record, the Court DENIES the Motion for Reconsideration.

Motions for reconsideration are disfavored and ordinarily will not be granted "in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." LCR 7(h)(1).  Plaintiff contends that the Court erroneously dismissed his claims as time-barred under Broad v. Mannesmann Anlagenbau AG, 196 F.3d 1075 (9th Cir. 1999), and did so without

the benefit of his briefing on the tension between the state and federal rules for service of process. In particular, Plaintiff contends that Federal Rule of Civil Procedure 4(m) "unavoidably" conflicts with RCW 4.16.170, such that the Court must resort to Hanna v. Plumer, 380 U.S. 460 (1965) to determine which rule applies.

While recognizing that there is *some* tension between the federal and state rules applicable to service of process in this case, the Court does not find that "the clash is unavoidable" or that there is a "direct collision." Hanna, 380 U.S. at 470. In Hanna, the Supreme Court held that Rule 4(d)(1) (which allowed for substitute service), rather than state law (which required in-hand service), determined the adequacy of service of process. Id. at 463-64. The Court explained that, in the event of a "direct collision" between a federal and state rule, the federal rule applies so long as it is both constitutional and within the scope of the Rules Enabling Act, 28 U.S.C. § 2072. Id. at 472-74. See also Walker v. Armco Steel Corp., 446 U.S. 740, 749, 752 (1980) ("Application of the Hanna analysis is premised on a 'direct collision' between the Federal Rule and the state law. . . . Since there is no direct conflict between the Federal Rule and the state law, the Hanna analysis does not apply.") (citing Hanna, 380 U.S. at 472).

Here, in contrast, the federal and state rules are coextensive. Rule 4(m) provides that the 90-day deadline for service of process does not apply where service is effected in a foreign country under the Hague Convention. Fed. R. Civ. P. 4(m). The rule announced by the Washington Supreme Court in Broad v. Mannesmann Anlagenbau, AG, 141 Wn.2d 670 (2000), provides that "[b]ecause the plaintiff lacks control over the timing of service once the documents are transmitted to a designated central authority," the 90-day period for service under RCW 4.16.170 is tolled once the required documents are *transmitted* to the central authority, so long as they are *transmitted* within 90 days of filing the complaint. Id. at 683. It does not require that a

defendant be *served* with the documents within 90 days, and therefore does not conflict with the

Rule 4(m). There being no Federal Rule that covers the *transmission* of documents to the

Central Authority, the policies behind Erie R. Co. v. Tompkins, 304 U.S. 64 (1938) and Ragan v.

Merchants Transfer & Warehouse Co., 337 U.S. 530 (1949) control. See Walker, 446 U.S. at

752-53. Based on these policies, "[t]here is simply no reason why, in the absence of a

controlling federal rule, an action based on state law which concededly would be barred in the

state courts . . . should proceed through litigation to judgment in federal court solely because of

the fortuity that there is diversity of citizenship between the litigants." Id. at 753.

Having found no error in its previous decision, the Court DENIES Plaintiff's Motion for

Reconsideration.[1]

The clerk is ordered to provide copies of this order to all counsel.

Dated December 7, 2018.

Marsha J. Pechman
United States District Judge

---

[1] The Court notes that, even were it to find that the federal and state laws governing service of process under the Hague Convention *were* subject to analysis under Hanna, "the amount of time allowed for foreign service [under Rule 4(f)] is not unlimited." Nylok Corp. v. Fastener World, Inc., 396 F.3d 805, 807 (7th Cir. 2005). Accordingly, this action would nevertheless be subject to dismissal for failure to exercise due diligence to effectuate service abroad within a "reasonable" period of time. See, e.g., Feliz v. MacNeill, 2012 WL 3590808, at *3-4 (1st Cir. Aug. 22, 2012) ("The federal rules give no specific time limit on service outside of the United States, but courts have leave to dismiss for failure to serve abroad when a plaintiff is dilatory."); A Love of Food I, LLC v. Maoz Vegetarian USA, Inc., 2011 WL 4102084, at *3, 7 (D. Md. Sept. 13, 2011) ("[E]ven though the 120-day time limit for service of process does not apply in the case at bar, the Court finds that it was unreasonable for [plaintiff] to fail to even attempt foreign service of process within a reasonable time of the 120-day limit."); Allstate Ins. Co. v. Funai Corp., 249 F.R.D. 157, 162 (M.D. Pa. 2008) ("[T]he exemption from the 120-day time limit for service in a foreign country does not apply where—as here—the plaintiff has not made a reasonable, good faith effort to attempt service abroad during the 120-day period.").